IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------- :
SCOTT LEMLEY, et. al. :
 : CASE NO. 1:06 CV 1998
                                    Plaintiffs :
 : MEMORANDUM AND ORDER
                 -vs- : GRANTING CITY OF CLEVELAND'S
 : MOTION TO DISMISS PLAINTIFFS'
CITY OF CLEVELAND, et. al, : FEDERAL CLAIMS
 :
                                    Defendants :
------------------------------------------------------- :

UNITED STATES DISTRICT JUDGE LESLEY WELLS

On 12 April 2007 the City of Cleveland ("the City") filed a Motion to Dismiss Plaintiff's Federal Claims (Case No. 1:06 CV 1998, ECF #9 ) arguing that the federal claim asserted in the First Amended Complaint #2 (1:06 CV 1998, ECF #1) is barred by the statute of limitations since not saved by the operation of the Ohio savings statute, R.C. 2305.19.

For the reasons set forth below, the Court grants the City's motion to dismiss. As this Court does not possess jurisdiction over the remaining state claims, the Lemleys' action shall be remanded to state court for further adjudication.

## I. BACKGROUND

**(A) The First Action: 1:03 CV1185**

On 11 June 2003, Scott and Rebecca Lemley (collectively "the Lemleys") brought suit in the Cuyahoga County Court of Common Pleas against the City, and various other

defendants. In their Complaint for Declaratory Judgment and Damages ("Complaint #1) the Lemleys alleged that defendants caused numerous delays and cost overruns related to proposed renovations to their home. On 13 June 2003 the City removed the action to federal court. (Case No. 1:03 CV 1998 , ECF#1).

A case management conference resulted in a 16 July 2004 order requiring the plaintiffs to file an amended complaint clarifying both the proper defendants and the "the specific claims alleged." (1:03 CV 1998, ECF #14). The order required the Lemleys to amend their complaint by 15 September 2004. The Lemleys did not timely file an amended complaint.

On 6 December 2004 the Court held a status conference necessitated by the Lemleys' failure to comply with court-ordered deadlines. (1:03 CV 1998, ECF #21). As a result of that status conference, this Court entered an Order directing the Lemleys to file an amended complaint on or before 17 December 2004 "to identify the proper parties and their connection to this case and to more clearly specify plaintiffs' claims for relief." (1:03 CV 1998, ECF #23). The Order gave notice that the Lemleys' failure to properly amend the complaint would result in dismissal for want of prosecution. Plaintiffs filed an Amended Complaint for Declaratory Judgment and Damages ("Amended Complaint #1) on 17 December 2004. (1:03 CV 1998, ECF #24).

The City filed a Motion to Dismiss or, in the Alternative, Motion for More Definite Statement, arguing that the amended complaint did not identify the Lemleys' claims for relief adequately to allow the framing of a responsive pleading. (1:03 CV 1998, ECF #25). Noting that the Lemleys had received several opportunities over the course of two years to clarify their claims, and had failed to do so, this Court on 7 June 2005

2

dismissed Counts Four through Seven of Amended Complaint #1 without prejudice for lack of prosecution under Fed. R. Civ. P. 41 (b) and remanded the remaining three counts to the state court for further proceedings. (1:03 CV 1998, ECF #34). The Lemleys subsequently voluntarily dismissed their state court proceeding on October 14, 2005.

### B. The Second Action: 1:06 CV 1998

On 11 May 2006 the Lemleys filed a new complaint in the Cuyahoga County Court of Common Pleas against the City, and certain other defendants, again based upon the delays and cost overruns regarding renovation of their house. (A copy of the Complaint–Jury Demand Endorsed Hereon is attached hereto as Exhibit A. This will be known as "Complaint #2.") Complaint #2 contains no reference to federal law.  On 16 August 2006 the Lemleys filed a First Amended Complaint ("Amended Complaint #2); Amended Complaint #2 added a Count Seven alleging a violation of 42 U.S.C. § 1983. On 22 August 2006  Amended Complaint #2 was removed to federal court. (1:06 CV 1998, ECF #1).

### II. LAW AND DISCUSSION

The sole basis for federal subject matter jurisdiction in this matter is Count 7 of the Lemleys' Amended Complaint #2. The issue presented is whether the Ohio savings statute , R.C. 2305.19, applies to the federal claim asserted in Count 7, which would be otherwise barred by the statute of limitations.

Count 7 is predicated on 42 U.S.C. § 1983. The statute of limitations for a federal §1983 claim is determined by state law and in Ohio the period is two years. Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989). Viewing matters most favorably to the plaintiffs,

3

the Lemleys' §1983 claims accrued in 2003 and were time barred in 2005 unless the savings statute applies.

The savings statute allows a plaintiff whose matter is dismissed otherwise than on the merits to re-file the action within one year of dismissal.  O.R.C. 2305.19 (a) provides in pertinent part:

> In any action that is commenced ... if the plaintiff fails otherwise than upon the merits, the plaintiff...may commence a new action within one year after the date of..the plaintiff's failure otherwise than upon the merits ...

The Sixth Circuit has held that the savings statute applies to 42 U.S.C. §1983 claims. Harris v. United States, 522 F.3d 322, 331 (6th cir 2005), citing Bd. of Regents of the Univ. of the State of New York v. Tomanio, 446 U.S. 478, 483 (1980), Harris v. Canton, 726 F.2d 371, 375 (6th Cir. 1984).[1]

The savings statute applies when the original suit and the new action are "substantially the same." Children's Hospital v. Ohio Dept. of Public Welfare (1982) 69 Ohio St. 2d 523,525.  Both a dismissal without prejudice for want of prosecution and voluntary dismissal by plaintiffs are actions otherwise than on the merits for the purposes of O.R.C. 1205.19.  Thomas v. Freeman, 79 Ohio St.3d 221 (1997)(dismissal for lack of prosecution); Lohrenzen v. Brown, 129 Ohio App.3d 770 (Ohio App. 1998)(dismissal for lack of prosecution); Costell v. Toledo Hosp. 38 Ohio St.3d 221

---

[1]. The City's reliance on Bowles v. Cleveland, 129 Fed. Appx. 239 (6th Cir. 2005) for the proposition that the Ohio savings statute does not apply to 42 U.S.C. §1983 cases is misplaced. As noted in Fuller v. Cuyahoga Metrol Hous. Author., 2007 U.S. Dist LEXIS 5387, p. 7, n.2 ( N.D. Ohio 2007), this unpublished decision is directly contradicted by published Sixth Circuit opinions both before and after Bowles.

4

(1998) (voluntary dismissal); Frysinger v. Leech, 32 Ohio St.3d 38 (1987) (voluntary dismissal).

The City raises essentially two objections to Count 7 in First Amended Complaint #2. The City argues that the Lemleys' prior pleadings were not "substantially the same" as Amended Complaint #2 and did not give defendants "fair notice" of a 42 U.S.C. §1983 claim. The City further argues that Count 7 was not filed within one year of the federal court dismissal and therefore is untimely. This Court finds that the pleadings are substantially similar under O.R.C. 2305.19 but the filing on 16 August 2006 was beyond the one year savings period of the statute.

**(A) Is Amended Complaint #1 "substantially the same" as the subsequent complaints?**

In deciding whether a new complaint is "substantially the same" as the dismissed complaint, the key determination is whether the allegations of the first action gave the defendant "fair notice" of plaintiffs' claims. Children's Hosp v. Ohio Dep't of Pub. Welfare, 69 Ohio St. 2d 523, 525 (1982); Stone v. North Star Steel Co., 152 Ohio App 3d 29,34 (Ohio Ap. 7 dist. 2003). A remedial statute, O.R.C. 2305.19 is construed liberally so that cases may be decided on the merits rather than on technicalities of procedure. Cero Realty Co. v. American Mfgrs. Mut. Ins. Co. (1960) 171 Ohio St. 82 (syllabus), Rios v. The Grand Slam Grille,1999 WL 1044506 (November 18,1999).

5

Since the Ohio savings statute only applies to matters dismissed, the operative document for analysis is Amended Complaint #1.[2] The question posed is whether the claims in Amended Complaint #1 are "substantially the same" as those asserted in Complaint #2 and Amended Complaint #2.

Amended Complaint #1 organizes the Lemleys' allegations into a factual section and seven counts. In the prefatory section the Lemleys aver that: (1) the City of Cleveland enacted ordinances dealing with landmarks and historic districts which included various notice, recording and procedural requirements and that such ordinances created districts subject to heightened construction and design requirements; 2) the Lemleys purchased a home on Archwood requiring extensive remodeling without notice that the Archwood residence was subject to landmark or historic district limitations; (3) they were subsequently refused a building permit based upon the defendants' position that the Archwood residence was within a historical district, requiring approval of construction by the Landmark Commission and Old Brooklyn Development Corp.; (4) the City of Cleveland brought criminal charges in Cleveland Municipal Court regarding construction issues, that the prosecution was without probable cause and was ultimately dismissed; and (5) they thereafter received a building permit and remodeled without satisfaction of the heightened construction and design requirements of the landmark commission and historic district. (1:03 CV 1998, ECF #24, ¶ 2-10).

---

[2]As will be discussed *infra*, Amended Complaint #1 superseded Complaint #1 and all claims not re-alleged in the amended pleading were waived. Forsyth v. Humana, Inc., 114 F3d 1467 (9th 1997).

6

In the charging counts of Amended Complaint #1, Count One avers that the City maliciously prosecuted plaintiffs; Count Two recites that the City did not take proper steps to establish the landmark district and the district is therefore invalid; Count Three requests a declaratory judgment that the Lemleys' home is not contained in the Landmark District and that the Landmark District is a nullity. These three counts were not challenged by the City in the first action, were remanded to the state court and voluntarily dismissed by the plaintiffs. (1:03 CV 1998, ECF #34).

Count Four and Six of Amended Complaint #1 allege that the City is responsible in *respondeat superior* for the actions of the Cleveland Landmarks Commission and Old Brooklyn Community Development Company and that the City has waived any statutory immunity from suit by delegation to these entities. Neither count alleges the cause of action in tort for which the City is to be held liable.  Count Seven reads, in its entirety: "Plaintiffs incorporate all previous allegations, and allege that each allegation previously made is incorporated with all prior and subsequent allegations."(1:03 CV 1998, ECF #24).

The only count referencing federal law in any manner is Count 5. In this count the Lemleys state that defendants' creation and publication of untrue information regarding the historic district or the Archwood property's inclusion in the district have created a cloud on title and slandered the title of the plaintiffs' property.  In ¶39 the Lemleys state:

> The acts of Defendants have violated the Plaintiff's rights to due process and deprived them of the free use of their property in violation of the Ohio and United States Constitutions.

(1:03 CV 1998, ECF #24). Counts 4-7 were the subject of the order of dismissal without prejudice for want of prosecution on 6 June 2005. (1:03 CV 1998, ECF #34).

7

In Complaint #2, filed 11 May 2006,  the Lemleys again allege the purchase of the home on Archwood in ignorance of the property's inclusion within the boundaries of a Landmark District; in Complaint #2 they add that the Landmarks Commission failed to file a certified copy of the designation ordinance and notice of the designation with the county recorder. The Lemleys set forth in greater detail the attempted repair of the property, the manner of the financing of repair, contact with defendants' agents regarding the renovations, the steps in the building permit application dispute, and the Cleveland Municipal Court action. (Complaint #2, ¶ 1-50).

The charging allegations are in six counts.  Count One claims taking without just compensation by the City's interference with plaintiffs' property; the plaintiffs claim as damages the loss of income from an inability to rent the property from October 1998-June 2002.  (Complaint #2, ¶51-57).  Count Three alleges that the defendants wantonly misrepresented material facts to the plaintiffs in claiming that the Archwood property was subject to the historic and landmark districts; again, the claim is for lost rental income.  Count Four for conversion alleges the City obstructed rehabilitation of the property, while Count Five charges slander of title, and Count Six sets forth malicious prosecution.  (Complaint #2, ¶ 65-80).

Count Two, for denial of due process, alleges that the City failed to provide adequate notice to plaintiffs that the Archwood property was subject to the landmark or historic district and that the City failed to perform the acts necessary to effectively create a landmark or historic district.  The plaintiffs allege this was a "process leading to the Property's taking" and that, "Defendant City acted in an extremely overzealous manner and made a mockery of the Ohio State Constitution.  By ordering the Lemley's (sic) not

8

to repair their Property, the City abused its right to exercise its municipal police power as conferred by the Ohio State Constitution." (emphasis added) (Complaint #2, ¶62,63).

Amended Complaint #2, filed 16 August 2006, adds a Count Seven to the Lemleys' claims.  Count Seven, entitled "42 U.S.C. §1983," alleges that the defendants acted under "color of law" and that, as a consequence  "Plaintiffs have been deprived of their property and denied due process of law in violation of rights conferred upon them by the Fourteenth Amendment to the United States Constitution." ( 1:06 CV 1998 ECF #1,  ¶83,85).

Since under O.R.C. 2305.19 the issue is "fair notice"of the types of claims of asserted, where a new complaint charges the same parties and is based upon similar factual allegations, the new action is "substantially the same" as the original action for the purposes of the savings statute. See Lanthorn v The Cincinnati Insurance Co., 2002 WL 31768796 (Ohio App. 4 2002) at ¶ 27 collecting cases finding complaints with new legal theories remain "substantially the same" when founded on the same facts; Kinney v Ohio Dept. Admin. Serv. (1986) 30 App. 3d 124.  Here, where the facts in all complaints  pertain to the defendants' frustration of the Lemleys' attempted renovation, the propriety and adequacy of notice of the landmark and historic designation, and housing court action, the factual allegations are similar. Moreover, the language in Amended Complaint #1 regarding "due process" and "deprivation of property" under the Ohio and United States constitutions, is sufficient, particularly under this remedial

9

statute, to provide notice of a due process claim under either the state or the federal constitutions.[3]

### (B) Is Amended Complaint #2 Timely Under O.R.C. 2305.19?

Further opposing the application of the savings statute to Count 7, the City argues that the one year grace of savings statute expired prior to the plaintiffs' filing of their federal claim.  This Court's order of dismissal was entered on 07 June 2005.  Plaintiffs Complaint #2 was filed in state court 11 May 2006, within a year of the dismissal, but did not contain any federal claims.  Since plaintiffs did not file Amended Complaint #2, asserting the federal claim in Count 7 until 16 August 2006, the City argues that the Lemleys' claim is barred.

Ths issue raised is the interaction of O.R.C. §2305.19 and O.R.C. 15 (c), regarding the relation back of amendments.  If a claim is dismissed and not re-filed within a year, may it nonetheless be added to a timely filed action which arises out of the same conduct, transaction or occurrence?  If the language and policy of O.R.C. §2305.19 are to be respected, the answer must be, "No."

Neither party cited controlling authority and this Court could locate none.  However, the language of the statute is, itself, clear: "the plaintiff...may commence a new action *within one year* after the date of..the plaintiff's failure otherwise than upon

---

[3]While this Court finds the pleading sufficient under O.R.C. 2305.19 to save whatever it was the Lemleys' pled in the first action for timely reassertion in a second action, this Court expresses no opinion as to whether any of the pleadings are sufficient to withstand a Rule 12 (b) (6) motion for failure to state a claim upon which relief can be granted. Nothing in this Court's ruling today considers whether plaintiffs' Amended Complaint #2 states a competent claim.  Indeed, even after five years and four pleadings this Court entertains doubt a cognizable federal cause of action has been articulated.

the merits...." .O.R.C. § 2305.19. This language serves a dual purpose, saving causes of action which would otherwise be barred, for the benefit of plaintiffs, while placing a limit upon when such claims can be filed, for the benefit of defendants.  If plaintiffs may add previously dismissed claims throughout the pendency of the re-filed case, the time limitation of the statute is effectively eliminated.  Such a reading is inconsistent with the plain language of the statute and public policy which allows defendants' repose.

This Court is aware of Cavin v Smith, 2001 WL 994117 (Ohio App. 2001) in which the court held that "substantially the same" standard of savings statute O.R.C. 2305.19 for permissible filings applied to the Cavin's complaint filed in their second action but not to the amended complaint subsequently filed in that action.  The Fourth District held that the permissibility and timeliness of the amended complaint was governed, instead, by Civ. R. 15 (c).  The Cavin case is fundamentally distinguishable since Cavin did not involve a cause of action that had previously been dismissed and the addition of that previously dismissed claims by amendment. In short, Cavin did not involve what plaintiffs attempt here, an end-run around O.R.C. §2305.19.

The Lemleys attempt to avoid the consequence of tardy filing by arguing that a federal claim for due process present in Complaint #1 was omitted from Amended Complaint #1, and therefore among the matters remanded by this Court on 07 June 2005 and voluntarily dismissed October 14, 2005. One of two things is true: Either Amended Complaint #1 did not contain a federal due process claim or it did.  If Amended Complaint #1 did not contain a federal due process claim, then the Lemleys waived the due process claim-- Amended Complaint #1 superseded Complaint #1 and plaintiffs waived all claims set forth in Complaint #1 which were not re-alleged in the

11

amended complaint.  Forsyth v Humana, Inc., 114 F3d 1467 (9th Cir. 1997). If, as quoted and set forth above, Amended Complaint #1 alleges a violation of federal due process in ¶ 39, it was dismissed without prejudice on 7 June 2005 and the time to re-file that claim expired 7 June 2006, prior to the filing of Amended Complaint #2 on 16 August 2006. Thus, whether or not Amended Complaint #1 contained a federal due process claim, the Lemleys lose.

### III. CONCLUSION

For the reasons discussed above, Count Seven of the Lemleys' Amended Complaint #2 shall be dismissed with prejudice.  As this Court lacks jurisdiction to hear the remaining six counts of the Lemleys' amended complaint, this action shall be remanded to the state court for further proceedings.


IT IS SO ORDERED.


/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE


Dated: 15 April 2008